IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERDIEMCO LLC | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 2:16-CV-01408-JRG-RSP |
| | § | |
| TELULAR CORP. et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this patent case, Defendants move the Court to stay this action pending *inter partes* review (IPR) of each of the seven asserted patents. Defs.' Motion [Dkt. # 36]. The Court **DENIES** the motion.

**I.  BACKGROUND**

This dispute dates back to 2015, when PerdiemCo sued TV Management for infringement of U.S. Patents 8,223,012, 9,003,499, and 9,071,931. *See PerdiemCo LLC v. TV Management, Inc.*, Nos. 2:15-cv-1217-JRG-RSP, 2:15-cv-1216-JRG-RSP (Lead Case). TV Management responded by filing petitions for IPR requesting review of each asserted claim. Eventually the parties settled that litigation, and the Court dismissed the case with prejudice last November.

Not long after the settlement, the Patent Trial and Appeal Board (PTAB) instituted review of each challenged claim. In March 2017, PerdiemCo filed responses on the merits in the IPR proceedings for the '012, '499, and '931 patents.

With that background in mind, in December 2016, PerdiemCo filed this lawsuit asserting 115 claims. Compl. [Dkt. # 1]. PerdiemCo claims almost all Defendants infringe the '012, '499, and '931 patents, and that all Defendants infringe four newly asserted patents: U.S. Patents 9,485,314, 8,149,113, 9,319,471, and 9,119,033. *Id.*

In response, Telular filed eight IPR petitions. Between January and March 2017, Telular filed seven IPR petitions challenging the currently asserted claims. Defs.' Motion [Dkt. # 36] at 3–4. In April 2017, Telular filed another IPR petition directed to all claims of U.S. Patent 9,621,661, which PerdiemCo has yet to assert. Notice of Suppl. Facts [Dkt. # 49]; *see also* PerdiemCo's Response [Dkt. # 40] at 5 n.3 (noting PerdiemCo's intention to add two more patents to this litigation).

Defendants claim these facts warrant a stay because it's highly likely the PTAB will institute review of all asserted claims given that (1) the PTAB already instituted review of the '012, '499, and '931 patents, and (2) the other four asserted patents are closely related. Defs.' Motion [Dkt. # 36] at 1–2. Telular notes all seven patents share the same specification and claim priority to the same original application. *Id.*

## II. APPLICABLE LAW

The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending *inter partes* reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the

court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13–cv–04206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.,* No. 6:14–cv–162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015); *Norman IP Holdings, LLC v. TP–Link Techs., Co.,* No. 6:13–cv–384, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review: (1) whether the stay will unduly prejudice the non-moving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in the litigation. *See Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, Nos. 2:13–cv–235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing the litigation. *See EchoStar Techs. Corp. v. TiVo, Inc.,* No. 5:05–cv–81, 2006 WL 2501494 (E.D. Tex. July 14, 2006).

Some courts have also considered whether a stay will reduce the burden of litigation on the parties and on the court. *See, e.g.*, *Market–Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013); *Ultratec, Inc. v. Sorenson Commc'ns,*

*Inc.*, No. 13–cv–346, 2013 WL 6044407 (W.D. Wis. Nov. 13, 2013). In this district, courts usually deny motions for stay when the PTAB has not acted on a petition for *inter partes* review. *See Trover Group, Inc. v. Dedicated Micros USA*, No. 1:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11 2015) ("In this district, that is not just the majority rule; it is the universal practice.").

### III. DISCUSSION

#### A. Prejudice to PerdiemCo

PerdiemCo's only argument it would be prejudiced by a stay is that Darrell Diem—the sole inventor named on the asserted patents—is 80 years old. PerdiemCo argues a stay would delay any recovery Mr. Diem might receive by at least three years, and this magnitude of delay for an 80 year-old man is highly prejudicial. PerdiemCo's Response [Dkt. # 40] at 2–3. For support, PerdiemCo cites to *Baratta v. Homeland Housewares, LLC*, No. 05-60187-CIV, 2008 WL 10989539, at *2 (S.D. Fla. Oct. 28, 2008) (denying a stay pending re-examination in part due to plaintiff's "advanced age"). *Id.* at 3.

This argument is not persuasive for two reasons. First, Mr. Diem is not the plaintiff in this action. *See, e.g.*, *Larson Archery Co. v. Matthews, Inc.*, No. 1:11-cv-126, 2013 WL 139472, at *2 (D. Utah Jan. 10, 2013) ("in light of the corporate nature of the entity bringing suit, the Court is not persuaded that the health, advanced age, and personal difficulties confronting Plaintiff's CEO and product innovator . . . necessitate a finding of undue prejudice"). Second, *Baratta* is distinguishable because the plaintiff (1) was an individual and

(2) opposed a stay given that litigation was ongoing for over three years. *See Baratta*, 2008 WL 10989539, at *1–3.

The Court finds PerdiemCo has not presented evidence it would be prejudiced. Thus, this factor weighs in favor of a stay.

## B.     Stage of the Proceeding

This litigation is at an early stage. PerdiemCo filed the lawsuit in December 2016. Defendants moved for a stay on March 21, 2017. The Court held a scheduling conference on March 27, 2017 and set a January 2018 claim construction hearing. The Court set jury selection for June 4, 2018.

Here, timing of the PTAB's decisions on institution is key. The PTAB decides whether to institute IPR as late as six months from a petition's filing date. *See* 37 C.F.R. § 42.107(b) (giving the patent owner 3 months to file a preliminary response after the associated petition's filing date); 35 U.S.C. § 314(b) (requiring an institution decision within 3 months of a preliminary response, but no later than 6 months after the petition's filing date). That means the PTAB's decisions on whether to institute review would begin in July and continue through October 2017. At least for the later-filed petitions, a stay will clearly affect the parties' ability to prepare for the January 2018 claim construction hearing. Then, if the PTAB declines to institute review on the later-filed petitions, the Court's schedule will have been unnecessarily disrupted.

Because of that potential for disruption, the Court finds this factor weighs against a stay.

### C. Whether a stay will simplify issues in the litigation.

PerdiemCo has so far asserted 115 claims from seven patents against Defendants—with more likely to come. *See* PerdiemCo's Response [Dkt. # 40] at 5 n.3 (noting PerdiemCo's intention to add two more patents to this litigation). As of now, however, a stay will not simplify issues in this litigation or reduce the number of asserted claims. Despite Defendants' assessment that institution of IPR is highly likely, only when the PTAB decides whether, and to what extent, to institute review will there be meaningful potential for simplification. Thus, the Court finds this factor currently weighs against a stay.

### IV. CONCLUSION AND ORDER

The Court concludes the factors considered together currently weigh against a stay. The Court therefore **ORDERS** that Defendant's Motion [Dkt. # 36] is **DENIED WITH-OUT PREJUDICE** to reurge after the PTAB decides whether to institute *inter partes* review of the asserted claims.

**SIGNED this 6th day of June, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE